IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CAC OF NY, INC. and CUTLASS INDUSTRIES, INC.,<br><br>Defendants. | Civil Action No. 1:14-cv-04132<br><br>**COMPLAINT** |

Plaintiff Federal Insurance Company, by way of Complaint against Defendants CAC of NY, Inc., and Cutlass Industries, Inc., says:

### JURISDICTIONAL ALLEGATIONS

1. Plaintiff Federal Insurance Company ("Plaintiff") is an insurance company organized under the laws of the State of Indiana with a principal place of business at 15 Mountain View Road, Warren, New Jersey. Plaintiff is authorized to transact business in the State of New York.

2. Defendant CAC of NY, Inc. is a corporation organized under the laws of the State of New York with a principal place of business at 165 Horton Avenue, Lynbrook, New York.

3. Defendant Cutlass Industries, Inc. is a corporation organized under the laws of the State of New York with a principal place of business at 165 Horton Avenue, Lynbrook, New York.

4. Defendant CAC of NY, Inc. and Defendant Cutlass Industries, Inc. are hereby collectively referred to as ("Defendants").

5. The amount in controversy between the parties is in excess of $75,000.

6. Jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332.

## FACTUAL ALLEGATIONS

7. Plaintiff issued policies of workers' compensation and employers liability insurance to Defendants as follows: (a) Policy No. 00 4472719 00 for the effective dates of May 6, 2011 through May 6, 2012; and (b) Policy No. 00 44727139 01 for the effective dates of May 6, 2012, cancelled as of March 19, 2013.

8. These policies of insurance are here after referred to collectively as the "Policies."

9. The Policies are insurance contracts which provided insurance coverage for certain liabilities of Defendants as set forth in the Policies in exchange for payment of premiums.

10. Pursuant to the terms of the Policies, initial premiums were based on information submitted by Defendants and/or their insurance broker regarding Defendants estimated payroll for the effective dates of coverage.

11. Since the initial premiums are based on estimated information, the Policies are subject to audit based on the actual exposure (*i.e.*, employee payroll) during the effective dates of coverage. The audit process can result in additional premiums due to the insurer from the insured or return premiums due to the insured from the insurer.

12. The audit of the Policies produced additional premiums of $188,636 owed by Defendants to Plaintiff.

13. Plaintiff issued invoices and demanded the payment of the additional premiums to Defendants in a timely fashion.

14. Defendants have failed and refused to remit payment of the $188,636 owed to Plaintiff.

15. Defendants remains indebted to Plaintiff in the amount of $188,636 due to their failure and refusal to remit payment of additional premiums.

16. Plaintiff has fulfilled its contractual obligations and provided the insurance coverage afforded by the Policies.

## COUNT ONE
### Breach of Contract

17. Plaintiff repeats, restates and realleges the allegations of Paragraphs 1 through 16 as if fully set forth herein.

18. Plaintiff, on numerous occasions prior to filing the instant litigation, demanded payment of $188,636 owed by Defendants to Plaintiff.

19. Defendants have failed and refused to remit payment of the $188,636 owed to Plaintiff pursuant to the terms of the Policies.

20. Through its failure to remit payment of the additional premiums which it owes to Plaintiff, Defendants breached the insurance contracts between the parties.

21. As a result of Defendants' breaches of the insurance contracts, Plaintiff has suffered damages in the amount of $188,636, plus interest, attorney fees and costs.

**WHEREFORE**, Plaintiff demands judgment against Defendants in the amount of $188,636 for compensatory damages, together with attorney fees, costs of suit, interest and such further relief as this Court deems just and proper.

### COUNT TWO
### Unjust Enrichment

22. Plaintiff repeats, restates and realleges the allegations of Paragraphs 1 through 16 of this Complaint as if fully set forth herein.

23. Plaintiff has provided insurance coverage and related services to Defendants for which Defendants have refused to pay.

24. Defendants, through their refusal to pay for the insurance coverage and related services, have been unjustly enriched at Plaintiff's detriment.

25. Defendants have failed, refused and continues to refuse to pay the balance due and owing to Plaintiff, thereby resulting in damages to Plaintiff in the amount of $188,636, plus interest, attorney fees and costs.

**WHEREFORE**, Plaintiff demands judgment against Defendants in the amount of $188,636 for compensatory damages, together with attorney fees, costs of suit, interest and such further relief as this Court deems just and proper.

### COUNT THREE
### Account Stated

26. Plaintiff repeats, restates and realleges the allegations of Paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27. Defendants being indebted to Plaintiff in the sum of $188,636 upon an account stated between them, promised to pay Plaintiff said sum on demand.

28. Plaintiff has repeatedly demanded that Defendants remit payment for the amounts owed by Defendants to Plaintiff. Defendants, however, have failed and refused to remit payment.

29. Defendants have failed, refused and continues to refuse to pay the $188,636 balance due and owing to the Plaintiff, thereby causing Plaintiff to suffer damages in the amount of $188,636, plus interest, attorney fees and costs.

**WHEREFORE**, Plaintiff demands judgment against Defendants in the amount of $188,636 for compensatory damages, together with attorney fees, costs of suit, interest and such further relief as this Court deems just and proper.

**BRESSLER, AMERY & ROSS, P.C.**
Attorneys for Plaintiff
Federal Insurance Company
17 State Street, 34th Floor
New York, New York 10004
(212) 425-9300

July 3, 2014
Dated

By: Samuel J. Thomas