UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
FEDERAL INSURANCE COMPANY,

       Plaintiff,    **ORDER**

 -against-         14-cv-4132(DRH)(SIL)

CAC OF NY, INC. and CUTLASS INDUSTRIES, INC.

       Defendants.
-------------------------------------------------------------x

**LOCKE, Magistrate Judge:**

 Plaintiff Federal Insurance Company ("Plaintiff") commenced this action against Defendants CAC of NY, Inc. ("CAC") and Cutlass Industries, Inc. ("Cutlass," and together with CAC, "Defendants") seeking to recover unpaid insurance policy premiums. *See* Docket Entry ("DE") [1]. Presently before the Court is Plaintiff's motion for an Order: (i) compelling Cutlass to respond to an information subpoena, and (ii) holding Cutlass in contempt for its failure to respond. *See* DE [15]. Cutlass does not oppose Plaintiff's motion. For the reasons stated herein, Plaintiff's motion is granted in part and denied in part.

**I. Background**

 By way of a Complaint dated July 3, 2014, Plaintiff commenced this diversity breach of contract action against Defendants to recover additional insurance policy premiums that Defendants were required to pay pursuant to two insurance policies. *See* DE [1]. When Defendants failed to answer or otherwise respond to Plaintiff's Complaint, Plaintiff filed a motion for default judgment, which the Honorable Denis R. Hurley referred to this Court for a Report and Recommendation as to whether

1

default judgment should be entered, and, if so, the appropriate amount of damages. *See* September 5, 2014 Electronic Order. In a February 5, 2015 Report and Recommendation, this Court recommended that judgment be entered against Defendants and that Plaintiff be awarded compensatory damages and prejudgment interest. *See* DE [10]. On March 16, 2015, Judge Hurley adopted the report, *see* DE [12], and on March 19, 2015, the Clerk of the Court entered judgment against Defendants in the amount of $227,844.40. *See* DE [13].

On April 30, 2015, in an effort to identify assets in satisfaction of the judgment, Plaintiff served Defendants with an information subpoena requesting financial and asset information regarding Defendants' property, income or any other means relevant to the satisfaction of judgment. *See* Affidavit of Samuel J. Thomas in Support of Plaintiff's Motion to Hold CAC of NY, Inc. and Cutlass Industries, Inc. in Contempt and to Compel Responses to the Information Subpoenas (the "Thomas Aff."), DE [15], ¶¶ 8-9. Defendants' time to respond to Plaintiff's subpoena expired on May 7, 2015, and Plaintiff filed the instant motion on May 22, 2015. *Id.* at ¶ 10.

After Plaintiff filed the instant motion, Defendants' counsel filed a notice of appearance and requested additional time to file a response. *See* DE [18]. In a June 8, 2015 Electronic Order, the Court extended Defendants' time to respond to Plaintiff's motion to June 19, 2015. By way of a July 20, 2015 Affidavit, Plaintiff withdrew its motion as it related to CAC, because CAC had responded to Plaintiff's information subpoena. DE [19]. Plaintiff renewed its motion as it related to Cutlass, as Cutlass failed to respond by the June 19, 2015 deadline. *Id.*

Plaintiff now seeks an Order: (i) compelling Cutlass to provide the information and documents identified in its information subpoena, and (ii) holding Cutlass in contempt for its failure to respond. Thomas Aff. ¶¶ 12-13. Cutlass has not opposed Plaintiff's motion.

## II. Discussion

### A. <u>Motion to Compel</u>

Pursuant to Fed. R. Civ. P. 69, "In the aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2); *see also Libaire v. Kaplan*, 760 F. Supp. 2d 288, 293 (E.D.N.Y. 2011) ("Federal Rule of Civil Procedure 69 . . . permits wide latitude in using the discovery devices provided by the Federal Rules in post-judgment proceedings.") (quoting *Gibbons v. Smith*, No. 01-cv-1224, 2010 WL 582354, at *3 (S.D.N.Y. Feb. 11, 2010)). A judgment creditor may rely on federal or state discovery procedures in order to obtain information relevant to the satisfaction of a judgment. *See Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11-cv-1590, 2013 WL 57892, at *6 (S.D.N.Y. Jan. 4, 2013) ("Rule 69 expressly authorizes [the judgment creditor] . . . to rely on federal discovery procedures, as well as on New York state discovery procedures, including information subpoenas.").

Pursuant to New York law, a "judgment creditor may compel disclosure of all matter relevant to the satisfaction of the judgment, by serving upon any person a subpoena." N.Y. C.P.L.R. § 5223; *see also* N.Y. C.P.L.R. § 5224(a)(3) (allowing service

of information subpoenas); *Vera v. Republic of Cuba*, --- F. Supp. 3d ---, 2015 WL 1244050, at *6 (S.D.N.Y. Mar. 17, 2015) ("New York law entitles judgment creditors to discover 'all matters relevant to the satisfaction of [a] judgment.' ") (quoting *Republic of Arg. v. NML Capital, Ltd.*, 134 S. Ct. 2250, 2254 (2014)). If the recipient of an information subpoena fails to respond within seven days, N.Y. C.P.L.R. § 2308(b)(1) allows a court to order compliance. *See* N.Y. C.P.L.R. 2308(b)(1) ("If the court finds that the subpoena was authorized, it shall order compliance . . . ."); *see also Giuliano v. N.B. Marble Granite*, No. 11-mc-753, 2014 WL 2805100, at *4 (E.D.N.Y. June 20, 2014) (compelling response to an information subpoena).

Here, as a judgment creditor, Plaintiff is entitled seek information relevant to the satisfaction of the judgment entered against Cutlass. In its information subpoenas, Plaintiff demands documents and information including, among other things, identification of Defendant's bank accounts, accounting records, assets, and accounts receivable. *See* Thomas Decl. Ex. "B." This information is relevant to satisfaction of the judgment entered against Cutlass, and is therefore discoverable pursuant to Fed. R. Civ. P. 69. *See Blue v. Cablevision Sys., New York City Corp.*, No. 00-cv-3836, 2007 WL 1989258, at *3 (E.D.N.Y. July 5, 2007) (compelling responses to information subpoena that sought, among other things, information about judgment debtor's assets, real property, bank accounts, and stocks). Accordingly, Cutlass is directed to respond to Plaintiff's information subpoena within thirty (30) days of this Order.

## B. Motion to Hold Cutlass in Contempt

Pursuant to the Federal Magistrates Act, 28 U.S.C. § 636(e), federal magistrate judges are authorized to exercise contempt authority in certain limited circumstances, including civil contempt authority in misdemeanor cases and cases where the magistrate judge presides with the consent of the parties. 28 U.S.C. § 636(e)(3), (4). In all other instances in which a party's actions constitute contempt:

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.

28 U.S.C. § 636(e)(6)(B)(iii).

In determining whether to certify facts to the district court, "the magistrate judge's role is to determine whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt." *Hunter TBA, Inc. v. Triple V Sales*, 250 F.R.D. 116, 118 (E.D.N.Y. 2008) (internal quotation omitted); *see also Bowens v. Atlantic Maint. Corp.*, 546 F. Supp. 2d 55, 71 (E.D.N.Y. 2008) ("[T]he magistrate judge functions only to certify the facts and not to issue an order of contempt.") (internal quotations omitted).

Although Cutlass is obligated to respond to Plaintiff's information subpoena, it is unlikely that Plaintiff can adduce sufficient evidence to establish contempt at this point. *See Kruse v. Sands Bros. & Co., Ltd.*, No. 02-cv-5912, 2003 WL 203204, at *2 (S.D.N.Y. Jan. 30, 2003) ("Though we have the power to impose contempt on the basis of [the defendant's] failure to comply with the Subpoenas alone, we will instead

order [the defendant] to respond to the judgment creditor's discovery demands and thus permit it a final opportunity to avoid being held in contempt of court."); *see also Grayson v. Cathcart*, No. 08-mc-33, 2009 WL 4723271, at *5 (E.D.N.Y. Dec. 3, 2009) (withholding a finding of contempt when issuing an order to compel responses to subpoenas). Therefore, Plaintiff's motion to hold Cutlass in contempt is denied without prejudice insofar as this Court declines to certify facts to the district court to initiate further contempt proceedings.

## III. Conclusion

For the reasons set forth herein, Plaintiff's motion is granted in part and denied in part. Cutlass shall respond to Plaintiff's information subpoena within thirty (30) days of the date of this Order. Plaintiff's motion to hold Cutlass in contempt is denied without prejudice insofar as the Court declines, at this time, to certify facts to the district court to initiate further contempt proceedings.

Dated:     Central Islip, New York     **SO ORDERED**
September 4, 2015

s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge