```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
FEDERAL INSURANCE COMPANY,

                              Plaintiff,
     -against-                                                      CERTIFICATION OF
                                                                    CONTEMPT
CAC OF N.Y., INC. and CUTLASS INDUSTRIES,                           14-CV-4132 (DRH)(SIL)
INC.,

                              Defendants.
----------------------------------------------------------------X
```

**LOCKE, Magistrate Judge:**

Presently before the Court is Plaintiff Federal Insurance Company's ("Plaintiff") unopposed motion to hold Defendant Cutlass Industries, Inc. ("Cutlass") in contempt of court for failure to comply with post-judgment information subpoenas and a September 4, 2015 Order of this Court. *See* Docket Entry ("DE") [23]. For the reasons set forth herein, the Court respectfully recommends that Cutlass be directed to appear before the Honorable Denis R. Hurley on a date certain to be set by Judge Hurley, to show cause why it should not be adjudged in contempt of the post-judgment information subpoenas propounded by Plaintiff and this Court's September 4, 2015 Order compelling Cutlass to respond to Plaintiff's discovery demands.

Pursuant to the Federal Magistrates Act, 28 U.S.C. § 636(e), federal magistrate judges are authorized to exercise contempt authority in certain limited circumstances, including civil contempt authority in misdemeanor cases and cases where the magistrate judge presides with the consent of the parties. 28 U.S.C. § 636(e)(3), (4). In all other instances in which a party's actions constitute contempt:

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6).

In determining whether to certify facts to the district court, "the magistrate judge's role is 'to determine whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt.'" *Hunter TBA, Inc. v. Triple V Sales*, 250 F.R.D. 116, 118 (E.D.N.Y. 2008) (quoting *Church v. Steller*, 35 F. Supp. 2d 215, 217 (N.D.N.Y. 1999)); *see also Bowens v. Atl. Maint. Corp.*, 546 F. Supp. 2d 55, 71 (E.D.N.Y. 2008) ("[T]he magistrate judge functions only to certify the facts and not to issue an order of contempt.") (internal quotations omitted). Upon certification, the district court "is then required to conduct a de novo hearing at which issues of fact and credibility determinations are to be made." *Bowens*, 546 F. Supp. 2d at 71.

Three essential elements must be established before a party can be held in civil contempt: "(1) there must be an order that is clear and unambiguous; (2) the proof of non-compliance with that order must be clear and convincing; and (3) it must be shown that the contemnor has not been reasonably diligent and energetic in attempting to accomplish what was ordered." *Mauro v. Countrywide Home Loans, Inc.*, No. 07-CV-1268, 2009 WL 3463570, at *2 (E.D.N.Y. Oct. 21, 2009) (citing *Hunter TBA, Inc.*, 250 F.R.D. at 119). To that end, "[t]he court's order must leave no uncertainty in the minds of those to whom it is addressed, and one must be able to

ascertain from the four corners of the order precisely what acts are forbidden." *Bowens*, 546 F. Supp. 2d at 64 (internal quotations omitted).

The Court's September 4, 2015 Order clearly and unambiguously ordered Cutlass to respond to Plaintiff's information subpoena on or before October 4, 2015. *See* DE [22] at 6. It is undisputed that Cutlass failed to comply with this Court's Order, and Cutlass has not proffered any evidence to demonstrate its diligence in attempting to comply. *See* Affidavit of Samuel J. Thomas in Support of Plaintiff's Motion to Hold Cutlass Industries, Inc. in Contempt for Failure to Comply with a Court Order (the "Thomas Aff."), DE [23-1], ¶¶ 18-19. Accordingly, pursuant to 28 U.S.C. § 636(e), the Court certifies the following facts, which are undisputed and are based on Plaintiff's motion, the Court's prior Orders, and all prior proceedings herein:

1. On March 19, 2015, the Clerk of Court entered judgment against Defendants CAC of N.Y., Inc. ("CAC") and Cutlass, jointly and severally, in the amount of $227,844.40. *See* DE [13].

2. On April 9, 2015, in an effort to identify assets in satisfaction of the judgment, Plaintiff issued business information subpoenas to CAC and Cutlass, requesting financial and asset information regarding their property, income, or any other means relevant to the satisfaction of judgment. *See* Thomas Aff. ¶¶ 7-8.

3. Plaintiff provided proof that CAC and Cutlass's owner and managing agent, Lisa Romano, accepted service of the information subpoenas on April 30, 2015. *Id.* at Ex. B.

4. After CAC and Cutlass failed to respond to the information subpoenas, Plaintiff filed a motion to compel responses from CAC and Cutlass on May 22, 2015. *Id.* at ¶ 10. Plaintiff also sought to hold CAC and Cutlass in contempt for their failure to respond. *See* DE [15].

5. On June 24, 2015, CAC responded to the information subpoena. *See* Thomas Aff. ¶ 14. Accordingly, Plaintiff withdrew its motion as it related to CAC. *See* DE [19].

6. On September 4, 2015, this Court granted in part and denied in part Plaintiff's motion to compel and hold Cutlass in contempt. *See* DE [22]. The Court ordered Cutlass to respond to Plaintiff's information subpoena within thirty days. *Id.* at 6. The Court declined, at that time, to certify facts to the district court to initiate further contempt proceedings. *Id.* A copy of this Court's September 4, 2015 Order was transmitted to Cutlass's counsel of record, Donald V. Pupke, Jr., via the Court's Electronic Case Filing ("ECF") system.

7. Pursuant to the Court's September 4, 2015 Order, Cutlass's time to respond to the information subpoena expired on October 4, 2015. *See* Thomas Aff. ¶ 18.

8. Cutlass has not responded to the information subpoena, nor has it paid Plaintiff in satisfaction of the judgment entered against CAC and Cutlass. *Id.* at ¶ 19.

9. On October 14, 2015, Plaintiff filed the instant motion for contempt, in which it seeks an Order: (i) finding Cutlass in contempt for its failure to abide by this

4

Court's September 4, 2015 Order; (ii) issuing a warrant for the arrest of Ms. Romano; and (iii) granting Plaintiff leave to file an application for attorneys' fees and costs associated with filing the instant motion. *See* DE [23]; *see also* Thomas Aff. ¶¶ 21-23. A copy of Plaintiff's motion was served on Cutlass's counsel of record via the Court's ECF system on October 14, 2015. *See* DE [24].

10. Cutlass has not opposed or otherwise responded to Plaintiff's motion.

## CONCLUSION

Based on the foregoing, the Court respectfully recommends that Cutlass be directed to appear before the Honorable Denis R. Hurley to show cause why it should not be found in contempt of court for failing to comply with Plaintiff's information subpoena and with the September 4, 2015 Order of this Court.

Dated: Central Islip, New York
April 18, 2016

<u>s/ Steven I. Locke</u>
STEVEN I. LOCKE
United States Magistrate Judge

5